UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRE BRIGHAM YOUNG, | |
| Plaintiff, | Case No. C24-5704-TL-SKV |
| v. | |
| VICTORIA WOODARDS, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Andre Brigham Young has submitted to the Court for filing a proposed civil rights complaint under 42 U.S.C. § 1983 (Dkt. 5-1), and an application for leave to proceed with this action *in forma pauperis* (Dkt. 5). He has also submitted an assortment of other documents, including a proposed amended complaint (Dkt. 5-2), a letter seeking the recusal of U.S. District Judge Robert J. Bryan (Dkt. 5-3), two documents that have been construed as memoranda in support of Plaintiff's complaint (Dkts. 5-4, 5-5), a proposed motion of prejudice against Judge Bryan (Dkt. 5-6), and a motion to consolidate all actions filed by Plaintiff in this Court (Dkt. 5-7).

At the time Plaintiff submitted his original materials to the Court for filing, he was confined at the Pierce County Jail, where he was apparently serving a 90-day term of

REPORT AND RECOMMENDATION - 1

confinement after being convicted on a charge of failing to register as a sex offender. *See* Dkts. 5-1, 5-5. Plaintiff has since been released from confinement. *See* Dkts. 3, 4; *see also* Dkt. 5-1 at 29 (noting that Plaintiff was scheduled to be released from the Pierce County Jail on August 20, 2024).

Plaintiff's original complaint appears to arise out of his recent prosecution in Pierce County Superior Court, and the gravamen of his claims appears to be that he has never been convicted of a valid sex offense and Pierce County therefore had no jurisdiction to pursue the failure to register as a sex offender charge upon which he was most recently convicted. *See* Dkt. 5-1. However, while the current action ostensibly relates to Plaintiff's most recent conviction and sentence, he appears to be using this action as a vehicle to challenge convictions and periods of confinement dating back to 1962. *See id*. Indeed, Plaintiff indicates in his materials that he is seeking compensation for "decades" of what he deems unlawful incarceration, beginning in 1962 and continuing through 2024. *Id*. at 13-14.

A particular focus of the claims asserted by Plaintiff in his original complaint is four rape convictions dating back to the early 1960s, which he maintains were overturned by U.S. District Judge Justin L. Quackenbush in 1966.[1] *See* Dkt. 5-1. at 4-5. Plaintiff claims that, despite Judge Quackenbush's invalidation of his convictions, prosecutors have continued to charge and falsely imprison him. *See id*. at 4-5, 9. Plaintiff cites, in particular, to a 1986 rape conviction which he claims was based on faulty forensic evidence, and to civil commitment proceedings initiated at

---

[1] The Court observes that, Judge Quackenbush, a United States District Judge for the Eastern District of Washington, was nominated to the federal bench on May 9, 1980, and was confirmed by the United States Senate on June 18, 1980. *See* https://www.waed.uscourts.gov/content/senior-judge-justin-l-quackenbush (last accessed October 24, 2024). It therefore would have been impossible for Judge Quackenbush to have vacated Plaintiff's convictions in 1966 as Plaintiff contends.

REPORT AND RECOMMENDATION - 2

an unspecified time by the King County Prosecutor's Office, which led to a lengthy period of detention at the Special Commitment Center. *See id*. at 6-8, 15-19.

In his proposed amended complaint, Plaintiff asserts additional claims arising out of a period of alleged unlawful confinement at Western State Hospital from 1966 to 1969, and out of a conviction in Ellensburg, Washington, for threatening to blow up a public building at Central Washington University, all of which Plaintiff appears to relate back to his original rape convictions in the early 1960s. *See* Dkt. 5-2.

Plaintiff has a history as an abusive litigant, and he is therefore subject to a pre-filing bar order in this Court. *See Young v. Barbour*, C89-678-WD (W.D. Wash. June 1, 1989). The bar order provides that any requests by Plaintiff to proceed *in forma pauperis* will be denied "except upon a showing of good cause to the court's satisfaction as to why plaintiff should be permitted to sue on a particular cause of action at public expense." *See id*., Dkt. 1 at 3. The bar order further provides that Plaintiff is to "submit, with respect to any civil rights complaint, a separate statement, based on factual allegations, showing good cause why he should be permitted to sue on the new complaint."

Though Plaintiff has submitted numerous documents in this action, he has not submitted, as he must, a separate statement showing good cause why he should be permitted to pursue his present claims at public expense. The Court notes as well, that Plaintiff has not identified any cognizable claims for relief in his proposed pleadings. Plaintiff seeks compensation in this action for periods of alleged unlawful confinement which he claims relate to invalid convictions dating back to the 1960s. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the United States Supreme Court held that a claim brought under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence

REPORT AND RECOMMENDATION - 3

is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. While Plaintiff claims that the convictions attributed to him over the past forty years have been invalidated in some fashion (*see* Dkt. 5-1 at 12), he has presented no actual evidence establishing this fact.

For the foregoing reasons, this Court recommends Plaintiff's IFP application (Dkt. 5) be DENIED, and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 15, 2024**.

DATED this 25th day of October, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4