UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRE BRIGHAM YOUNG,<br><br>    Plaintiff,<br>v.<br><br>VICTORIA WOODARDS et al,<br><br>    Defendants. | CASE NO. 3:24-cv-05704-TL<br><br>ORDER REGARDING OBJECTIONS TO REPORT AND RECOMMENDATION |

This matter is before the Court on Plaintiff Andre Brigham Young's objections (Dkt. No. 9) to the Court's Report and Recommendation (Dkt. No. 6) regarding Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 5).

On September 19, 2024, Plaintiff submitted to the Court for filing a proposed civil rights complaint under 42 U.S.C. § 1983 (Dkt. No. 5-1) and an application for leave to proceed with this action *in forma pauperis* (Dkt. No. 5). On October 25, 2024, the Honorable S. Kate

Vaughan, United States Magistrate Judge, issued a Report and Recommendation on Plaintiff's application for leave which recommended denial of Plaintiff's application and dismissal of this action. Dkt. No. 6. In the Report and Recommendation, the Court noted that Plaintiff is subject to a pre-filing bar order in this Court (*see Young v. Barbour*, No. C89-678 (E.D. Wash. June 1, 1989)), and was thus required to submit a separate statement showing good cause why he should be permitted to sue on any new complaint. Dkt. No. 6 at 3. Because Plaintiff did not submit any such statement, the Court recommended denial of his application for leave to proceed *in forma pauperis* and dismissal of his complaint. *Id.* at 4. Objections were due on November 11, 2024.[1]

On November 18, 2024, having received no objections to the Report and Recommendation, the Court approved and adopted the Report and Recommendation, denied Plaintiff's application for leave to proceed *in forma pauperis*, and dismissed this matter without prejudice pursuant to the pre-filing bar order. Dkt. Nos. 7, 8. Later that same day, Plaintiff filed the instant untimely objections. Dkt. No. 9.

However, before the Court ruled on his objections, Plaintiff filed a Notice of Appeal to the Ninth Circuit. Dkt. No. 10; *see also* Dkt. No. 11. "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). The Court retains only limited jurisdiction to maintain the status quo pending the appeal. *See id.* Because Plaintiff's appeal remains pending, the Court does not have jurisdiction over Plaintiff's objections to the Report and Recommendation.

---

[1] The Report and Recommendation was mailed to Plaintiff on October 25, 2024. Dkt. No. 6. Pursuant to the rules of civil procedure, three days are added to a deadline when service is made by mail; therefore, Plaintiff had seventeen days to file objections to Magistrate Judge Vaughan's Order. Fed. R. Civ. P. 6(d). Thus, Plaintiff's objections were due by no later than Monday, November 11, 2024.

1  Accordingly, the Court lacks jurisdiction to make any ruling regarding Plaintiff's
2  objections to the Report and Recommendation.
3  Dated this 18th day of December 2024.

Tana Lin
United States District Judge